UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **STEVEN RAYMOND,** } | |
| } | |
| Plaintiff } | |
| } | |
| v. } | Case No.: 2:16-cv-01292-MHH |
| } | |
| **GEICO CASUALTY COMPANY,** } | |
| } | |
| **Defendant.** } | |
| } | |

## MEMORANDUM OPINION AND ORDER

This insurance coverage dispute is before the Court on defendant GEICO Casualty Company's motion to dismiss (Doc. 16) and plaintiff Steven Raymond's motion to dismiss Count III (Doc. 20). GEICO argues that Mr. Raymond cannot pursue his claims for breach of his uninsured motorist policy because Mr. Raymond did not comply with the requirements of the policy. (Doc. 16, pp. 1–2). Mr. Raymond asks the Court to dismiss his claim for bad faith without prejudice. (Doc. 20, p. 1). For the reasons stated below, the Court will grant GEICO's motion and deny Mr. Raymond's motion as moot.

## STANDARD OF REVIEW

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6). Pursuant to Rule 8(a)(2), a complaint must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Generally, to survive a [Rule 12(b)(6)] motion to dismiss and meet the requirement of Fed. R. Civ. P. 8(a)(2), a complaint need not contain 'detailed factual allegations,' but rather 'only enough facts to state a claim to relief that is plausible on its face.'" *Maledy v. City of Enterprise*, 2012 WL 1028176, at *1 (M.D. Ala. Mar. 26, 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

The Court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (internal marks omitted). The Court may consider as "part of the complaint for Rule 12(b)(6) purposes" exhibits that Mr. Raymond attached to his complaint. *Miljkovic*, 791 F.3d at 1297 n.4 (citing *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam) and Fed. R. Civ. P. 10(c)). The Court also may consider the GEICO policy that GEICO attached to its motion to dismiss because the policy is central to Mr. Raymond's claim, and the policy's contents are not in dispute. *See Lockwood v.*

2

*Beasley*, 211 Fed. Appx. 873, 877 (11th Cir. 2006); *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.").

## BACKGROUND

In his second amended complaint, Mr. Raymond alleges that on August 7, 2014, he was standing in the bed of his truck attempting to move a piece of furniture when an unknown flatbed truck struck the bumper of his truck. (Doc. 15, ¶ 8). The collision caused Mr. Raymond to fall from the bed of his truck and suffer serious injury. (Doc. 15, ¶¶ 8, 11). A bystander at the scene of the accident contacted emergency responders who transported Mr. Raymond to the hospital. (Doc. 15, ¶ 10). "[N]o police report was made detailing the accident." (Doc. 15, ¶ 9).

From June 6, 2014, to September 23, 2014, GEICO insured Mr. Raymond through automobile insurance policy number 4331-77-92-33. (Doc. 16-1, p. 3; Doc. 15, ¶ 14; Doc. 15-1, p. 5). This policy included uninsured motorist coverage. (Doc. 15, ¶ 14; Doc. 16-1, p. 3).

On January 4, 2015, Mr. Raymond learned from a television program that he might have a cause of action for damages against the driver of the unidentified flatbed truck and contacted counsel. (Doc. 15, ¶ 12). On February 24, 2015, Mr. Raymond, through counsel, notified GEICO of the accident. (Doc. 15, ¶¶ 13, 24). GEICO denied Mr. Raymond's claim. (Doc. 15, ¶¶ 15–24).

This lawsuit followed. Mr. Raymond asserts claims against GEICO under his auto insurance policy for uninsured/underinsured motorist coverage and breach of contract. (Doc. 15, pp. 7–10). Mr. Raymond also asserts a bad faith tort claim against GEICO. (Doc. 15, pp. 10–13). GEICO asks the Court to dismiss Mr. Raymond's claims with prejudice because Mr. Raymond did not report the August 2014 accident to police within twenty-four hours and did not report the accident to GEICO within thirty days as required by Mr. Raymond's insurance policy. (Doc. 16, pp. 1–2).

Under the title "LOSSES WE PAY," Mr. Raymond's GEICO insurance policy provides, in relevant part:

> Under the Uninsured Motorists Coverage [GEICO] will pay damages for ***bodily injury*** caused by accident which the ***insured*** is legally entitled to recover from the owner or operator of an ***uninsured auto*** or ***hit-and-run auto*** arising out of the ownership, maintenance or use of that auto.

(Doc. 16-1, p. 14) (emphasis in policy). The policy defines "Hit-and-run auto" this way:

> "*Hit-and-run auto*" is a motor vehicle causing ***bodily injury*** to an ***insured*** through physical contact with him or with an auto he is ***occupying*** at the time of the accident and whose operator or owner cannot be identified, provided the ***insured*** or someone on his behalf:
>
> > (a) reports the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles;
> >
> > (b) files with [GEICO] within 30 days a statement setting forth the facts of the accident and claiming that he has a cause of action for damages against an unidentified person; and
> >
> > (c) makes available for inspection, at [GEICO's] request, the auto ***occupied*** by the ***insured*** at the time of the accident.

(Doc. 16-1, p. 14, ¶ 1) (emphasis in policy). The policy also contains a condition that "[s]uit will not lie against [GEICO] unless the ***insured*** or his legal representative have fully complied with all the policy terms." (Doc. 16-1, p. 16, ¶ 3) (emphasis in policy).

## ANALYSIS

Alabama law governs the interpretation of Mr. Raymond's insurance policy because the parties entered into the contract in Alabama. *See Indus. Chem. & Fiberglass Corp. v. N. River Ins. Co.*, 908 F.2d 825, 829 n. 3 (11th Cir. 1990); *Donegal Mut. Ins. Co. v. McConnell*, 562 So. 2d 201, 203 (Ala. 1990); (Doc. 15, ¶ 3). The Alabama Civil Court of Appeals previously addressed a policy provision like the one in Mr. Raymond's policy in *Alabama Farm Bureau Mut. Cas. Ins. Co. v. Cain*, 421 So. 2d 1281 (Ala. Civ. App. 1982). In *Cain*, the Alabama Court of Civil Appeals wrote:

> The clear and unambiguous language defining "hit-and-run" provides that compliance with the definitional requirements is a condition precedent to coverage for "hit-and-run" accidents. In the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability or impose conditions upon coverage so long as such conditions are not inconsistent with public policy. *Alabama Farm Bureau Mutual Casualty Insurance Company v. Goodman*, 279 Ala. 538, 188 So.2d 268 (1966). Conditions precedent to an action on a policy requiring notice of an accident have been continually held valid and enforceable by the courts of this state. *Almeida v. State Farm Mutual Insurance Company*, 53 Ala. App. 175, 298 So.2d 260 (1974). In *Alabama Farm Bureau Insurance Company v. Cook*, 388 So.2d 1001 (Ala. Civ. App. 1980) we held that failure of an insured to comply with the "Notice of Legal Action" provisions of a policy released the insurance company from liability on the uninsured motorist provisions. In *Alabama Farm Bureau Mutual Casualty Insurance Co. v. Teague*, 269 Ala. 53, 110 So.2d 290 (1959), our supreme court held that if the policy of the insurance provides that notice of a loss must be in writing, the requirement is binding upon the insured, and notice must be in writing in the absence of waiver or estoppel.

*Cain*, 421 So. 2d at 1283. Similarly,

> [i]n *Almeida v. State Farm Mutual Insurance Co.*, 53 Ala. App. 175, 298 So.2d 260 (1974), the facts were strikingly similar to the instant case in that Mr. Almeida was injured in an accident with an uninsured motorist and two and one-half years later recovered a default judgment against the uninsured. Almeida had not sent a copy of the suit against the uninsured motorist to his insurer nor did he otherwise notify his insurance carrier of said suit until after the judgment was rendered against the uninsured. Notice of such legal action was required by a paragraph in his uninsured motorist coverage which was identical in all respects to the above quoted policy proviso of this plaintiff's policy. In the *Almeida* case this court held that such policy provision was valid, that compliance with such notice requirement was essential, and that the trial court properly rendered a summary judgment in favor of State Farm because of Mr. Almeida's non-compliance with such policy requirement.

*Alabama Farm Bureau Insurance Company v. Cook*, 388 So.2d 1001, 1002 (Ala. Civ. App. 1980).

Accordingly, Mr. Raymond can recover under his GEICO policy only if he reported the accident to police within 24 hours and filed a statement with GEICO within 30 days. (*See* Doc. 16-1, p. 14, ¶ 1). Mr. Raymond admits that he did not inform GEICO of his potential claim until February 24, 2015, more than six months after the incident. (Doc. 15, ¶¶ 13, 24; *see also* Doc. 18, pp. 3–4). Mr. Raymond argues that, as a layperson, he should not be held to the terms of his policy requiring him to report to GEICO within 30 days of the accident. Mr. Raymond argues that he should be permitted to notify GEICO of the accident within 30 days of discovering that he had a cause of action against GEICO. (Doc. 18, p. 3).

As the Alabama Court of Civil Appeals stated in *Cain*, the language in Mr. Raymond's policy is clear and unambiguous. *See Cain*, 421 So. 2d at 1283. Mr. Raymond's policy required him to report to GEICO within 30 days of the accident and to inform GEICO of the facts of the accident and his cause of action for damages against an unidentified person. (Doc. 16-1, p. 14, ¶ 1(b)). Because Mr. Raymond did not do so, he does not meet the definition of "Hit-and-run auto" in his policy, and he may not recover from GEICO. *See Cain*, 421 So. 2d at 1283.

Mr. Raymond asks the Court to dismiss his claim for bad faith without prejudice. (Doc. 20, p. 1). In response, GEICO argues that Mr. Raymond's claim should be dismissed with prejudice. (Doc. 21, p. 1). Dismissal with prejudice is appropriate because Mr. Raymond cannot prove a breach of his policy, a necessary element of a bad faith claim under Alabama law. *See Nat'l Ins. Ass'n v. Sockwell*, 829 So. 2d 111, 127 (Ala. 2002) (quoting *Nat'l Sec. Fire & Cas. Co. v. Bowen*, 417 So. 2d 179, 183 (Ala. 1982)).

## CONCLUSION

Accordingly, the Court **GRANTS** GEICO's motion to dismiss (Doc. 16). The Court **DENIES AS MOOT** Mr. Raymond's motion to dismiss Count III (Doc. 20). The Court **DISMISSES** Mr. Raymond's claims **WITH PREJUDICE**. The Court will enter a separate final judgment.

**DONE** and **ORDERED** this April 20, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE